IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SOUTHERN PIONEER PROPERTY & CASUALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| ) | Case No.: _____ |
| Vs. ) ) | |
| COOK'S AUTO SALES, LLC ) ) | |
| Serve at: Registered Agent ) Melissa Cook ) 308 West 6th ) Portageville, MO 63873 ) ) | |
| BAILEY COOK ) ) | |
| Serve at: 308 West 6th ) Portageville, MO 63873 ) ) | |
| REETTA RICHMOND ) ) | |
| Serve at: 1102 N. Oates St. ) Hayti, MO 63851 ) ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW PLAINTIFF Southern Pioneer Property & Casualty Insurance Company ("Southern Pioneer"), by and through counsel, and for its claim(s) for relief and action(s) against the Defendants named herein states as follows:

**I.      Preliminary Allegations**

1

1. Plaintiff Southern Pioneer was and is a foreign insurance company, in good standing and registered with the Missouri Division of Insurance, with the capacity to sue and be sued in its own name, and engaged in the business of providing liability insurance to Missouri residents. Plaintiff Southern Pioneer's is a citizen of the state of Arkansas as it is incorporated there and has its principal place of business in Arkansas.

2. At all times relevant hereto Defendant Cook's Auto Sales, LLC ("Cook's Auto Sales"), was and is a Missouri limited liability company in good standing with capacity to sue and be sued in its own name. Defendant Cook's Auto Sales was and is engaged in the business of selling, servicing and/or repairing automobiles in the course of its garage operations in Portageville in Pemiscot County, Missouri. It is a citizen of Missouri.

3. At all times relevant hereto Defendant Bailey Cook is and was an individual and a citizen of the state of Missouri as he resides in Portageville in Pemiscot County, Missouri.

4. At all times relevant hereto, Defendant Reetta Richmond ("Defendant Richmond") is and was an individual and a citizen of the state of Missouri as she resides in Hayti in Pemiscot County, Missouri.

5. During all times relevant hereto Defendant Cook's Auto Sales was - subject to the terms, conditions and exclusions recited therein – the named insured under a Commercial Auto Garage Liability Policy (the "Policy") issued by Plaintiff Southern Pioneer. A true and accurate copy of the Policy, Policy No. CP00005197, is attached hereto as **Exhibit 1**.

6. This action seeks a declaration regarding the rights, obligations and duties of the parties under the Policy with regard to the claim asserted by Defendant Richmond against Defendants Cook's Auto Sales and Bailey Cook arising out of an automobile accident that

occurred on January 15, 2020, involving Defendants Richmond and Bailey Cook (the "Automobile Accident").

7. This Court has jurisdiction over the parties and the subject matter pursuant to 28 USC §1332. Venue in the Southeastern Division of the Eastern District of Missouri is appropriate under 28 USC §1391(b)(1).

## II. Provisions in the Policy Issued by Southern Pioneer to Defendant Cook's Auto

8. The Policy issued to Defendant Cook's Auto Sales was in effect at the time of the Automobile Accident involving Defendants Richmond and Bailey Cook. *See* **Exhibit 1**.

9. Sub-Paragraph **A.2** in **SECTION II – LIABILITY COVERAGE** of the Policy's **GARAGE COVERAGE FORM** recites the terms of the Policy's Coverage for "'**Garage Operations' – Covered 'Autos'**". There the Policy provides, in pertinent part:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".
> . . . .
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" . . . to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. . . . .

10. Sub-Paragraph **A.3** in **SECTION II – LIABILITY COVERAGE** of the Policy's **GARAGE COVERAGE FORM** sets forth the Policy provisions concerning "**Who Is An Insured**". There the Policy recites, in pertinent part, as follows:

> a.   The following are "insureds" for covered "autos":

3

    (1)     You for any covered "auto".

    (2)     Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

. . . .

        (d)     Your customers.  However, if a customer of yours:

          . . . .

          (ii)     Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

. . . .

11.     The Policy is amended by an endorsement entitled "**MISSOURI GARAGE COVERAGE FORM CHANGES**" (SPPC-GL-1028 (05/12)).

12.     By virtue of that amendatory endorsement the following additional symbols are added to **SECTION I – COVERED AUTOS, A. Description of Covered Auto Designation Symbols** of the Policy's **GARAGE COVERAGE FORM**:

| Symbol | Description of Covered Auto Designation Symbols |
|---|---|
| **32** | Premises and operations medical payments only. |
| **33** | Any "auto" except for tow trucks, wreckers, car haulers, car carriers, or haulaways. |
| **34** | Any "auto" you own, but not including tow trucks, wreckers, car haulers, car carriers, or haulaways, and also not including any "auto" used primarily for towing or transporting other "autos" or vehicles. |

13. By virtue of that amendatory endorsement **SECTION I – COVERED AUTOS, B. Owned Auto You Acquire After The Policy Begins, 1**. of the Policy's **GARAGE COVERAGE FORM** is deleted and replaced with the following:

> 1. If Symbols 21, 22, 23, 24, 25, 26, 33 or 34 are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described or the remainder of the policy period.

14. By virtue of that amendatory endorsement the following language is added to **SECTION II – LIABILITY COVERAGE, A. COVERAGE, 3. Who Is An Insured, a., (2)** of the of the Policy's **GARAGE COVERAGE FORM**:

> **(f)** Any member of your or any partner's (if you are a partnership) or any member's (if you are a limited liability company) household, unless that that individual has been listed in the Declarations as a Driver.

15. By virtue of that amendatory endorsement the following language is added to **SECTION II – LIABILITY COVERAGE, B. Exclusions** of the of the Policy's **GARAGE COVERAGE FORM**:

> . . . .
>
> **26.** "Bodily injury" or "property damage" caused by any member of your or any partner's (if you are a partnership) or any member's (if you are a limited liability company) household, unless that individual has been listed in the Declarations as a Driver.
> . . . .

16. ITEM TWO on the AUTO DEALER DECLARATIONS incorporated in the Policy utilizes Covered Auto Designation Symbols 33 and 27 in connection with the Liability Coverage extended thereunder.  In addition, that portion of the Garage Policy Supplementary Schedule included as part of the AUTO DEALER DECLARATIONS identifies only Claudie Cook and Melissa Cook on the DRIVERS SCHEDULE.

### III. Circumstances Giving Rise to This Action for Declaratory Relief

5

17. At the time of the Automobile Accident Defendant Bailey Cook was test-driving/operating an automobile owned by Defendant Cook's Auto Sales to determine whether he wanted to purchase it.

18. At the time of the Automobile Accident Defendant Bailey Cook was the named insured in a separate automobile liability policy issued by Progressive Insurance with liability limits of $100,000.

19. At the time of the Automobile Accident Defendant Bailey Cook was a resident of Melissa Cook's household. Melissa Cook, in turn, was and is a member of Defendant Cook's Auto Sales.

20. At the time of the Automobile Accident Defendant Bailey Cook was not a Scheduled Driver for purposes of the Policy.

21. As a result of the Automobile Accident Defendant Richmond, through her lawyer Matthew Glenn, made a demand upon Plaintiff Southern Pioneer in its capacity as the liability insurer for Defendant Cook's Auto Sales. ("The Glenn Demand Letter".) Defendant Richmond demanded payment of $5,000,000.00 or the limits of the applicable insurance, in exchange for an unconditional release of Defendants Bailey Cook and Cook's Auto Sales from any claim for personal injuries resulting from the Automobile Accident.

22. A true and accurate copy of the Glenn Demand Letter is attached hereto as **Exhibit 2**.

23. In response to the Glenn Demand Letter, Plaintiff Southern Pioneer unequivocally tendered to Defendant Richmond the sum of $25,000 with a letter dated June 2, 2020. In its June 2, 2020 letter, Plaintiff identified $25,000 as the applicable limit under the Policy.

24. In its letter of June 2, 2020, Plaintiff Southern Pioneer requested the release promised in the Glenn Demand Letter to resolve any claim Defendant Reetta Richmond might have against Defendants Cook's Auto Sales and Bailey Cook.

25. Defendant Richmond and her lawyer have failed to provide the release promised in the Glenn Demand Letter. Neither Richmond nor Glenn has responded in any fashion to Plaintiff's June 2, 2020 tender of the applicable limit of liability. Glenn has declined to respond to several phone calls from Plaintiff's attorney requesting the release promised in the Glenn Demand Letter.

26. By reason of the above, and particularly by reason of Defendant Richmond's refusal to provide the unequivocal release promised in the Glenn Demand Letter, an actual and justiciable controversy exists between Plaintiff Southern Pioneer and all of the Defendants named herein with respect to the parties' rights and obligations arising under **Exhibit 1** in connection with any claim(s) arising out of the Automobile Accident; and such controversy is ripe for determination by way of declaratory judgment.

27. Declaratory judgment is both a necessary and proper remedy to determine the rights and obligations of the parties under **Exhibit 1**; and no other adequate remedy exists at law or otherwise.

**IV.     Claim for Declaratory Relief**

28. Plaintiff Southern Pioneer incorporates by reference the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

29. Based upon the language of the Policy, Defendant Cook's Auto Sales is an insured and the vehicle Bailey Cook was driving at the time of the Automobile Accident would qualify as a Covered Auto.

30. Based upon the language of the Policy, any coverage available to Defendant Bailey Cook as a customer of Defendant Cook's Auto Sales is limited as set forth in Sub-Paragraph **A.3.a.(2)(d)(ii)** in **SECTION II – LIABILITY COVERAGE** of the Policy's **GARAGE COVERAGE FORM**. In addition, any coverage otherwise available to either Defendant Cook's Auto Sales or Defendant Bailey Cook is excluded by virtue of the language in ¶ **26.** in **SECTION II – LIABILITY COVERAGE, B. Exclusions** of the **MISSOURI GARAGE COVERAGE FORM CHANGES** endorsement**.**

31. Based upon the policy language in **Exhibit 1** and applicable Missouri law, Plaintiff Southern Pioneer's liability on behalf of its insureds is capped at the $25,000 per person minimum requirements set forth in Missouri's Motor Vehicle Financial Responsibility Law (RSMo. § 303.190.2(2). In addition, based upon the policy language in **Exhibit 1** and applicable Missouri law, Plaintiff Southern Pioneer has no further or continuing obligation to defend Defendant Cook's Auto Sales or Defendant Bailey Cook.

WHEREFORE Plaintiff Southern Pioneer prays that this Court enter a judgment regarding the policy language in **Exhibit 1** declaring that:

(a) Plaintiff Southern Pioneer's unequivocal tender to Defendant Richmond of $25,000 exhausts the applicable coverage available under the Policy;

(b) Defendants Cook's Auto Sales, Bailey Cook and Reetta Richmond shall be barred and forever enjoined from asserting any action or claims against Plaintiff Southern Pioneer on account of the Automobile Accident or any additional claims by and between the Defendants of whatsoever kind;

(c)     Plaintiff Southern Pioneer shall be under no obligation to defend or indemnify Defendants Cook's Auto Sales and Bailey Cook against any claims and/or damages alleged by Defendant Reetta Richmond as a result of the Automobile Accident; and

(d)     Plaintiff Southern Pioneer shall be awarded such further relief as this Court deems just and appropriate, including an award of attorney's fees and costs incurred in this action.

Respectfully, submitted,

**BUCKLEY & BUCKLEY, L.L.C.**

By: /s/ Martin J. Buckley
Martin J. Buckley     #37000MO
Adrian P. Sulser      #33103MO
800 Market Street, Suite 2900
St. Louis, MO  63101
Telephone: (314) 621-3434
Facsimile:  (314) 621-3485
mbuckley@buckleylawllc.com
sulser@buckleylawllc.com

Attorneys for Plaintiff Southern Pioneer
Property & Casualty Insurance Company